IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01322-BNB

DANNY RAY DEAL,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO,
DISTRICT COURT – EL PASO COUNTY,
THE COLORADO COURT OF APPEALS,
THE COLORADO SUPREME COURT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 1 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION
AND TO SHOW CAUSE

---

Applicant, Danny Ray Deal, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Deal initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has paid the $5.00 filing fee.

The Court must construe the application liberally because Mr. Deal is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Deal will be ordered to file an amended application and to show cause why the action should not be dismissed.

Mr. Deal has failed to name his proper custodian. Pursuant to 28 U.S.C. § 2243 (2006), an application for writ of habeas corpus must be directed to the person having custody of the person detained. In lieu of the People of the State of Colorado, El Paso County District Court, the Colorado Court of Appeals, and the Colorado Supreme Court, the correct respondent in the instant action would be the custodian of the facility where Mr. Deal is detained.

Mr. Deal is challenging the validity of his 1988 conviction in El Paso County District Court case number 86-CR-3009. He alleges that he pleaded guilty to two counts of first-degree sexual assault and to one count of crime of violence, and that he was sentenced on April 28, 1988, to thirty-years in DOC custody. Judgment of conviction was entered on May 3, 1988. He alleges that he did not appeal from the judgment of conviction.

Over seventeen years later, on September 26, 2005, he filed a motion to correct illegal sentence pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure in the El Paso County District Court, which on November 16, 2005, denied the motion. On January 4, 2007, the Colorado Court of Appeals affirmed. On April 5, 2007, the Colorado Supreme Court denied certiorari review.

On June 22, 2007, Mr. Deal's application was filed in this Court. In the application, Mr. Deal fails to assert any claims. For that reason, the application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a

pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Because Mr. Deal fails to assert any claims, his application fails to comply with Fed. R. Civ. P. 8(a)(2). Mr. Deal will be directed to file on the proper, Court-approved form an amended application that complies with Fed. R. Civ. P. 8. The amended application Mr. Deal will be directed to file must name the proper respondents, clarify his federal claims and the steps he has taken to exhaust state-court remedies as to his federal claims, and should include, if available, full copies of any state court opinions pertinent to his direct appeal. Although it is not clear whether Mr. Deal has exhausted state court remedies for the claim or claims he intends to assert, the Court will not address the exhaustion issue at this time other than to remind Mr. Deal that he must exhaust state remedies before he may raise his claims in federal court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. **See Castille v. Peoples**, 489 U.S. 346, 350-51 (1989). The Court will address the exhaustion issue only if the Court determines that this action is timely filed.

Pursuant to 28 U.S.C. § 2244(d) (2006), a one-year limitation period applies to the instant action. Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Mr. Deal's conviction became final long before the one-year limitation period was enacted into law on April 24, 1996. Mr. Deal does not allege that he was prevented by unconstitutional state action from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively

4

applicable to cases on collateral review, and, for purposes of this order, the Court will presume that he knew or could have discovered the factual predicate for his claim or claims before his conviction became final. Therefore, it appears that the one-year limitation period began to run on April 24, 1996. **See Hoggro v. Boone**, 150 F.3d 1223, 1225 (10th Cir. 1998).

Based on the information Mr. Deal has provided, it appears that the instant action is time-barred. As noted above, Mr. Deal alleges that he did not file any postconviction proceedings in the state courts until 2005. At that time, the one-year limitation period, which began to run on April 24, 1996, already had expired. Therefore, Mr. Deal also will be ordered to show cause why the application should not be denied and the action dismissed as barred by the one-year limitation period. In his response Mr. Deal should provide any information that might be relevant to the one-year limitation period, including information relevant to the possibility of equitable tolling. Accordingly, it is

ORDERED that Mr. Deal file **within thirty (30) days from the date of this order** an amended application that complies with Fed. R. Civ. P. 8 and that shows cause for the reasons discussed in this order why the application should not be denied. It is

FURTHER ORDERED that Mr. Deal's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Deal, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Deal fails to file an amended application and to show cause to the Court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED July 11, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01322-BNB

Danny Ray Deal
Prisoner No. 58890
Fremont Corr. Facility
PO Box 999 - Unit 3
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 7/11/07

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk